UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 1st ONE HUNDRED INVESTMENT POOL, LLC,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>CARMEN J. ROSE, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:17-CV-1233 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant State of Nevada's ("Nevada") motion to remand this case to state court. (ECF No. 26). Defendant Bank of New York Mellon Trust Company ("BNYM") filed a response (ECF No. 29), and Nevada filed a reply (ECF No. 34).

Nevada argues that this court should remand the case for violation of the rule of unanimity because—upon request—it informed BNYM prior to that party's filing of the notice of removal that it did not consent to removal of the present action. (ECF No. 26). Indeed, BNYM's response supports that assertion (ECF No. 29), as does the notice of removal (ECF No. 1).

However, BNYM argues that "[a]ll motions to remand, except those based on subject matter jurisdiction, must be brought within 30 days after a Notice of Removal is filed," pursuant to 28 U.S.C. § 1447(c). (ECF No. 29 at 5). Thus, BNYM posits, Nevada has waived the ability to pursue its purportedly non-jurisdictional challenge. (*Id.*).

Under 28 U.S.C. § 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

**James C. Mahan**
**U.S. District Judge**

Moreover, 28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." This requirement is often referred to as the "rule of unanimity." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 988 (D. Nev. 2005) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus*, 980 F.2d at 567).

Here, BNYM argues that the Ninth Circuit has joined "[t]he vast majority" of circuits that "have held that removal defects are not jurisdictional, and therefore objections based thereon are waived if not brought within the first 30 days of filing a Petition for Removal." (ECF No. 29 at 5). In support of this assertion, BNYM cites a variety of cases from a corresponding variety of circuits. (*Id.*).

Notably, BNYM refers to only one Ninth Circuit case: *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939–40 (9th Cir. 2006). In that case, the Ninth Circuit analyzed the application of § 1447(c) to 28 U.S.C. § 1441(b)'s "forum defendant rule" to hold that requirement was procedural, and § 1447(c)'s 30-day deadline therefore applied to that rule. *Id.* at 942.

However, § 1441(b)'s forum defendant rule is not at issue here; rather, § 1446(b)'s rule of unanimity is presently under scrutiny. *See* (ECF No. 26). Furthermore, the Ninth Circuit's analysis in *Lively* is not clearly applicable to the instant case because, for example, the Ninth Circuit specifically considered "the policy rationale of § 1441(b)" to reach its conclusion. *Lively*, 456 F.3d at 942.

**James C. Mahan
U.S. District Judge**

- 2 -

1   Thus, this court will fall back upon its own precedent, as offered by Nevada.[1] (ECF No. 26). In *Hones v. Young*, this court held that the failure to provide, in a notice of removal, a statement that the removing party's co-defendants had consented to the removal would violate the rule of unanimity and warrant remand. *See* No. 2:12-cv-1951-JCM-PAL, 2013 WL 593401, at *3 (D. Nev. Feb. 13, 2013) (citing *Proctor*, 584 F.3d at 1225).

Clearly, BNYM failed to provide such a statement in its notice of removal. (ECF No. 1) ("Defendant State of Nevada indicated preliminarily its preference to remain in state court while actively considering the issue [of removal].").

Therefore, this court finds that BNYM's removal violated the rule of unanimity and that remand is appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Nevada's motion to remand the case (ECF No. 26) be, and the same hereby is, GRANTED.

DATED July 13, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court also notices that Nevada's indication that "[it] was not served with the Petition for Removal." (ECF No. 26 at 3). This failure to serve violates 28 U.S.C. § 1446(d).