UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| 1st ONE HUNDRED INVESTMENT POOL, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>CARMEN J. ROSE, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-1233 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Bank of New York Mellon's ("BNYM") motion to reconsider. (ECF No. 36). Defendant State of Nevada (ex rel. its Department of Taxation, hereinafter "Nevada") filed a response (ECF No. 38), to which BNYM replied (ECF No. 39).

**I.     Facts**

On March 28, 2017, plaintiff 1st One Hundred Investment Pool, LLC filed a complaint in state court. On May 2, 2017, defendant BNYM filed a petition for removal. (ECF No. 1 at 23). On May 26, 2017, plaintiff filed a motion to remand to state court. (ECF No. 6). On June 21, 2017, defendant Nevada filed a motion to remand to state court. (ECF No. 26). On July 13, 2017, this court granted Nevada's motion to remand. (ECF No. 35). BNYM timely filed a motion, pursuant to Federal Rule of Civil Procedure 60, for this court to reconsider its remand order. (ECF No. 36).

**II.    Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered

**James C. Mahan**
**U.S. District Judge**

evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

### III. Discussion

Defendant BNYM's motion asks the court to reconsider its order remanding the instant case to state court. BNYM asserts that the order on remand was improper, as defendant Nevada filed its motion to remand more than thirty days after BNYM filed its petition for removal. According to BNYM, its failure to obtain unanimity was a non-jurisdictional defect, and thus the court lacked authority to grant Nevada's motion to remand as it was filed more than thirty days after BNYM filed its petition for removal. BNYM primarily cites *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933 (9th Cir. 2006), *Aguon-Schulte v. Guam Election Commission*, 469 F.3d 1236, 1240 (9th Cir. 2006), and *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034 (9th Cir. 1995), to support its position.

Defendant Nevada responded to BNYM's motion to reconsider with four arguments. First, federal statutes and case law impose strict limits on reconsideration of remand orders that bar the court from reviewing its remand order in this case. Second, BNYM did not properly remove the case, thereby creating a jurisdictional defect. Third, the thirty-day deadline for filing a motion to remand is not jurisdictional, and thus the court could consider the remand order even if it was not timely. Fourth, because plaintiffs filed a timely motion for remand, the court "had authority to issue a remand order based on any jurisdictional or procedural defect." (ECF No. 38).

Under 28 U.S.C. 1447(d), "[a]n order remanding a case to state court is not reviewable on appeal or otherwise. "This language . . . preclude[s] not only appellate review but also reconsideration by the district court." *Seedman v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988).

**James C. Mahan**
**U.S. District Judge**

- 2 -

The "review bar" of § 1447(d) applies only to remands based on grounds enumerated in § 1447(c). *Thermtron Prods., Inc. v. Hermansforder*, 423 U.S. 336, 345–46 (1976); *Aguon-Schulte v. Guam Election Commission*, 469 F.3d 1236, 1240 (9th Cir. 2006). In *Aguon-Schulte*, one defendant removed a case without obtaining consent from the other defendants. *Id.* at 1237. The court held that it lacked jurisdiction to consider the remand order. *Id.* at 1240. As the remand order fell within the scope of § 1447(c), "review [was] unavailable no matter how plain the legal error in ordering the remand." *Id.* at 1240 n.5 (citations and quotations omitted); *see Atl. Nat. Tr. LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 934 (9th Cir. 2010) ("*Mt. Hawley*") (*citing Briscoe v. Bell*, 432 U.S. 404, 413 N.13 (1977)).

Review of remand orders is limited in scope due to "Congress' intent to avoid interruption of the litigation of the merits of a removed case by prolonged litigation of procedural questions." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 238 (2007) (quotations omitted). In *Thermtron*, the Court held that a district court's reliance on grounds not enumerated in 1447(c) exceeded its statutory power and was thus reviewable on appeal. *Id.* at 351. However, "[t]o prevent delay in the trial of remanded cases . . . Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court." *Id.* (internal citations omitted). In reviewing a remand order, a court is to consider the order "only to determine whether the ground [for remand] was 'colorable.'" *Mt.* Hawley, 621 F.3d at 938.

Here, the court's remand order was based on a ground enumerated in § 1447(c), which limits review of the order. *See Mt. Hawley*, 621 F.3d at 938; *Seedman*, 837 F.2d at 414. As this court stated in its order remanding the case to state court, unanimity is a requirement under 28 U.S.C. § 1446(b)(2)(A). Nevada asserts that lack of unanimity qualifies as a jurisdictional defect, whereas BNYM asserts it is a procedural defect. Both characterizations would place the court's remand order within the scope of § 1447(c). Thus, the court cannot review its order even in the face of clear legal error. *Cf. Thermtron*, 423 U.S. at 351 (remand order based on grounds not enumerated in § 1447(c) was reviewable on appeal). The court is limited in reconsideration of its

**James C. Mahan**
**U.S. District Judge**

- 3 -

own order to a determination of whether the ground for remand was colorable. *See Mt. Hawley*, 621 F.3d at 938; *Seedman*, 837 F.2d at 414.

BNYM states that, pursuant to *Aguon-Schulte*, lack of unanimity is a defect in removal procedure that cannot serve as grounds for remand when the moving party files its motion outside of § 1447(c)'s thirty-day window. (ECF No. 36 at 5). However, the order demonstrates colorable grounds for remand.

The first colorable ground for remand is that the court never obtained subject matter jurisdiction over the action. BNYM filed its petition to remove without obtaining consent from all defendants. Nevada argues that this lack of unanimity created a jurisdictional defect in the case. As the court never properly obtained subject matter jurisdiction, and Nevada's motion requested remand on this basis, the court's order demonstrates a colorable ground for remand.[1]

The second colorable ground for remand is plaintiff's motion to remand. In addition to defendant Nevada's motion to remand, plaintiff filed a motion to remand. (ECF No. 6).[2] Plaintiff filed its motion twenty-four days after BNYM removed the case to federal court, which was within the thirty-day window provided by § 1447(c). BNYM does not dispute that its petition for removal lacked unanimity. Thus, lack of unanimity was a proper basis for remand. *See* 28 U.S.C. § 1447(c).

The final colorable ground for remand is that the court could consider Nevada's motion to remand even though it was not timely filed. In *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir. 1980), the court held that the removal statute deadline was not jurisdictional, meaning a party may waive or be estopped from objecting to defects in removal procedure. If the remand statute is similarly not jurisdictional, then the court could consider Nevada's motion to remand outside of the thirty-day window provided by § 1447(c). BNYM decided to remove the case with knowledge that Nevada objected to removal. BNYM's failure to serve Nevada with a notice of removal

---

[1] Consideration of whether this ground for remand was legally erroneous falls outside the court's permissible scope of review. *See* 28 U.S.C. § 1447(d); *Aguon-Schulte*, 469 F.3d. at 1240 n.5.

[2] Nevada's motion to remand is alternatively styled as a motion to join plaintiff's motion to remand. (ECF No. 26).

James C. Mahan
U.S. District Judge

supports Nevada's theory that BNYM either waived the defect in Nevada's timeliness on its motion to remand or should be judicially estopped from asserting it in this case. Contrary to BNYM's assertions, the holding in *Aguon-Schulte* does not mandate a different result. *See* 469 F.3d at 1240, 1240 n.5 (holding that the court lacked jurisdiction to review a remand order issued pursuant to § 1447(c) "no matter how plain the legal error in ordering remand").

**IV.     Conclusion**

BNYM does not present in its motion for reconsideration an adequate ground for this court to vacate its order granting Nevada's motion to remand the case to state court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant BNYM's motion to reconsider (ECF No. 36) be, and the same hereby is, DENIED.

DATED August 30, 2017.

_____
UNITED STATES DISTRICT JUDGE