UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 1st ONE HUNDRED INVESTMENT POOL, LLC,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>CARMEN J. ROSE, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:17-CV-1233 JCM (PAL)<br><br>ORDER |

Presently before the court is plaintiff 1st One Hundred Investment Pool, LLC's motion for attorney's fees. (ECF No. 41). Defendant Bank of New York Mellon Trust Company ("BNYM" or "defendant") filed a response (ECF No. 42), and plaintiff filed a reply (ECF No. 43).

**I.　　Introduction**

On March 28, 2017, plaintiff filed a complaint in state court. On May 2, 2017, defendant BNYM filed a petition for removal. (ECF No. 1 at 23). On May 26, 2017, plaintiff filed a motion to remand to state court. (ECF No. 6). On June 21, 2017, defendant Nevada filed a motion to remand to state court on the basis of lack of unanimity. (ECF No. 26). On July 13, 2017, this court granted Nevada's motion to remand. (ECF No. 35).

On July 17, 2017, defendant BNYM filed a motion to reconsider. (ECF No. 36). On August 30, 2017, the court denied BNYM's motion. (ECF No. 40). Plaintiff now moves for attorney's fees and costs incurred as a result of defendant BNYM's improper removal. (ECF No. 41).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Federal Rule of Civil Procedure 54(d)(2) allows a party to file a motion for attorney's fees if it: (1) is filed within 14 days after judgment is entered; (2) identifies the legal basis for the award; and (3) indicates the amount requested or an estimate thereof. Moreover, "[a] federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). A Nevada trial court "may not award attorney fees absent authority under a statute, rule, or contract." *Albios v. Horizon Communities, Inc.*, 132 P.3d 1022, 1028 (Nev. 2006).

In *Brunzell*, the Nevada Supreme Court articulated four factors for a court to apply when assessing requests for attorney's fees:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

455 P.2d at 33. The trial court may exercise its discretion when determining the value of legal services in a case. *Id.* at 33–34.

Additionally, a trial court applying Nevada law must utilize *Bruzell* to assess the merits of a request for attorney's fees, yet that court is not required to make findings on each factor. *Logan v. Abe*, 350 P.3d 1139, 1143 (Nev. 2015). "Instead, the district court need only demonstrate that it considered the required factors, and the award must be supported by substantial evidence." *Id.* (citing *Uniroyal Goodrich Tire Co. v. Mercer*, 890 P.2d 785, 789 (Nev. 1995), *superseded by statute on other grounds as discussed in RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 110 P.3d 24, 29 n.20 (Nev. 2005)).

## III. Discussion

Plaintiff's motion argues that because this court remanded the case to state court plaintiff is entitled to just costs and actual expenses incurred as a result of removal. (ECF No. 41).

/ / /

/ / /

*a.     Whether defendant is entitled to attorney's fees*

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447.  The Supreme Court discussed the appropriateness of awarding fees to a party that successfully remands:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp*. 546 U.S. 132, 140 (2005).  "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal."  *Id*. at 126.

The Ninth Circuit has held that because such awards are not punitive, there is no requirement that the defendants removed the action in bad faith.  *See Moore v. Permanente Medical Group, Inc*., 981 F.3d 443, 446 (9th Cir. 1992).  As such, "the standard for awarding fees should turn on the reasonableness of the removal."  *Martin*, 546 U.S. at 141.

Here, defendant BNYM was aware that defendant Nevada did not consent to removal of the present action.  (ECF Nos. 1, 29).  Defendant was on notice that removal violated the rule of unanimity, and yet it chose to remove nonetheless.  Therefore, defendant lacked an objectively reasonable basis for removal.  *See Martin*, 546 U.S. at 141.

Defendant's assertion that plaintiff is not entitled to an award relies on the proposition that plaintiff must prevail on a motion in front of this court in order to receive a fee award.  However, the statutory language contains no such limitation of fee awards.  *See* 28 U.S.C. § 1447(c).  Accordingly, defendant's response does not persuade the court that attorney's fees cannot be awarded in this case.

*b.     The appropriate award*

*i.     Plaintiff's fee request*

Plaintiff requests an attorney's fee award of $25,710.  (ECF No. 41).  Defendant argues that even if plaintiff is eligible for attorney's fees, the court should not award any fees in this case because plaintiff has not demonstrated that any fees it has incurred in prosecuting this

lawsuit resulted from defendant's removal of the case to federal court. (ECF No. 42).

The court holds that an award of attorney's fees is appropriate in this case. Plaintiff's motion discusses the applicable factors listed in Local Rule 54-14(b) and demonstrates entitlement to an award. *Id.* However, the court holds that plaintiff's entitlement for attorney's fees does not extend to the majority of its billed line items. Many of these items are costs that would have been incurred absent removal. Further, plaintiff included billing line items related to fees it incurred in state court. And, as defendant notes, most of plaintiff's billing related to filing its motion for a temporary restraining order in federal court is duplicitous and excessive. After a line-by-line review of plaintiff's billing statements, the court holds that plaintiff reasonably billed 25 hours of work at $250 an hour, resulting in an attorney's fee award of $6,250.[1]

The court holds that plaintiff is entitled to an award of all fees reasonably billed in this case. Plaintiff's motion demonstrates that his billing rate is reasonable given his education, skill, experience and the nature of the work. Further, the work actually performed by counsel merits the requested award, as plaintiff expended a reasonable amount of time preparing and filing a motion to remand. Finally, although the court did not grant plaintiff's motion to remand, and instead granted the State of Nevada's motion, the court holds that plaintiff reasonably incurred costs related to filing his motion which are compensable under 28 U.S.C. § 1447(c).

    *ii.*  *Plaintiff's request for costs*

Plaintiff requests an award of costs of $4,987.31. (ECF No. 41). Defendant disputes eleven line items listed in plaintiff's request.[2] (ECF No. 42). Defendant argues that there is no evidence that plaintiff used a court runner in this case, as all documents were filed electronically. *Id.* Further, defendant asserts that plaintiff is again attempting to obtain reimbursement for work

---

[1] The court will award fees based on the following hours billed on the following dates: 0.2 hours on 5/4/2017; 0.6 hours billed on 5/6/2017; 0.8 hours billed on 5/18/2017; 0.8 hours billed on 5/24/2017; 7.8 hours billed on 5/25/2017; 0.9 hours billed on 5/26/2017; 0.2 hours billed on 6/5/2017; 0.2 hours billed on 6/8/2017; 0.5 hours billed on 6/9/2017; 0.8 hours billed on 6/13/2017; 6.5 hours billed on 6/15/2017; 2.6 hours billed on 6/16; 1.9 hours billed on 7/5/2017; and 1.2 hours billed on 7/8/2018.

[2] Defendant does not make specific arguments to dispute the other line items in plaintiff's request. *Id.*

**James C. Mahan**
**U.S. District Judge**

- 4 -

that was conducted in state court or would have inevitably been conducted in state court absent removal. *Id.*

The court holds that plaintiff's request for costs includes excessive and unreasonable costs, as well as costs not related to defendant's removal of this case to federal court. The court will exclude the following requested expenses from plaintiff's award: standard process on 5/3/2017; expedited service of process charge on 5/3/2017; service of process charges on 5/8/2017; service of process charges on 5/22/2017; and court runner services on 5/12/2017, 5/15/2017, and 5/22/2017. Accordingly, the court will award plaintiff $2,927.81 in costs.

### IV. Conclusion

Plaintiff's motion demonstrates that attorney's fees and costs are proper in the instant matter. The motion further establishes that plaintiff is entitled to $6,250 in attorney's fees and $2,927.81 in costs.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for attorneys' fees (ECF No. 41) be, and the same hereby is, GRANTED IN PART AND DENIED IN PART, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff shall prepare and submit to the court within thirty (30) days a proposed order consistent with the foregoing.

DATED THIS 27th day of April, 2018.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE